David Dashney, Appellee, v. Thomas J. Hayes, Jr. et al., Appellants.

Opinion filed June 24, 1932. Rehearing denied August 4, 1932.

CHESTER H. FARTHING, for appellants.

F. E. MERRILLS and BAKER & LESEMANN, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

The parties, by their briefs and arguments, have conceded that the City of East St. Louis, in 1919, adopted the commission form of government; that a city court was established in 1875 for said city; that in 1930, Silas Cook and William F. Borders were elected judges of said court for the term of six years; that on August 17, 1931, Judge Cook died, creating a vacancy in one of such judgeships, and that the unexpired term was in excess of one year.

Appellee, as a citizen and taxpayer of East St. Louis, filed his bill in the circuit court of St. Clair county, against appellants, members of and chief clerk of the board of election commissioners of said city, alleging that the circuit court of said county did, by its order in a mandamus suit, require the mayor and commis-

sioners of East St. Louis to call a primary election to nominate candidates for the election to fill such vacant judgeship, and an election for that purpose to follow such primary election; that the said city council, pursuant to such order, by resolution, did call an election as required thereby, but failed to call or provide for the holding of a primary election to nominate candidates to be voted for at such election.

It is further charged that appellants, as such members of and chief clerk of the board of election commissioners, are about to conduct an election pursuant to the resolution of the city council, without first calling or holding a primary election to nominate candidates to be voted for at such election, and will incur expense incident thereto, to be defrayed out of the city treasury; that such election cannot be lawfully held, for the reason that the Commission Form of Government Act, Cahill's St. ch. 24, ¶ 323 *et seq.*, under which the City of East St. Louis is operating, requires that all officers of the city, including judges of the city court, to be elected by popular vote, must be first nominated at a primary election, before their names can be placed upon the ballots, to be voted for at any election, where such officers are chosen.

Allegations are also made that appellants have failed, since the general election of 1928, to redistrict the city into voting precincts, each containing approximately 400 electors, and that some of such precincts now contain about 600 electors; that appellants have not been furnished, by the clerk of the circuit court, the clerk of the city court, nor the clerk of the United States court for the eastern district of Illinois, with lists of electors of said city, who have been convicted of criminal offenses punishable by imprisonment in the penitentiary; that there are such persons whose names are still carried on the lists of registered voters, and that they will attempt to vote, and will vote at such election; also, that appellants have not been furnished,

by the officer having charge of the vital statistics of said city, with lists of electors of said city who have died; that there are such persons whose names are still carried upon the registered voters' lists, and that corrupt persons are thereby enabled to deceive the election officials, and to cast illegal votes at such election.

For all of which reasons, the bill charges that an election, so held, would be void; that no person could be thereat lawfully elected as judge of the city court of said city, and that the public funds, expended to defray the cost of such election, would be wasted, to the prejudice of appellee and other taxpayers.

The prayer of the bill was that the resolution of the city council, calling such election, be held null, and that appellants be restrained from proceeding with any arrangements looking to the conduct of said election, or from expending any funds of the City of East St. Louis therefor, or from contracting any obligations on account of the same.

Whether a vacancy in the office of judge of the city court, in a city which operates under the Commission Form of Government Act, Cahill's St. ch. 24, ¶ 323 et seq., shall be filled according to the provisions of such act depends upon the interpretation of the statutes providing for the election of such city judges, and those regulating the holding of elections in cities which are under the commission form of government.

Cahill's St. ch. 37, ¶ 369 (sec. 337, ch. 37, Smith-Hurd R. S. 1931), referring to the election of judges of city courts, requires, among other things, that the judges "shall be elected by the qualified voters of such city, in the same manner that the city officers of such city are elected, but not at the same time, and shall hold their offices for the term of six years, and until their successors are elected and qualified." Said section further provides that "Vacancies in such office shall be filled for the unexpired term at a special election to

be called and held by the same authority and in the same manner that other city elections may be held."

The election of officers in cities which have adopted and operate under the Commission Form of Government Act is regulated by Cahill's St. ch. 24, ¶¶ 331–341 (sections 273 to 283 of chapter 24, Smith-Hurd R. S. 1931). Section 273 (Cahill's St. ch. 24, ¶ 331) requires the election of a mayor and four commissioners, and does not provide for the popular election of any other officials. Section 276 (Cahill's St. ch. 24, ¶ 334) specifies that "all candidates to be voted for at all general municipal elections at which a mayor and four commissioners are to be elected under the provisions of this Act shall be nominated by a primary election from the city or village at large, and no other names shall be placed upon the general ballot at the general municipal election, except those selected in the manner hereinafter prescribed." Following which are the provisions for nomination of such candidates at a primary election, and the manner of conducting both such primary and the general election to follow.

It has been held that city court judges are city officers; *Franklin v. Westfall,* 273 Ill. 402; and in determining the purpose of the general assembly in its enactments regulating the manner of electing such judges, the legislative intent should be ascertained from the language of the act itself, if such be possible, and where several sections bear upon the subject, they should be taken and construed together, in determining such intention. *Cummings v. People,* 211 Ill. 392, at page 405. Hence it is necessary to consider the provisions of said section 337, chapter 37 (Cahill's St. ch. 37, ¶ 369), relating to the election of city court judges, in conjunction with sections 273 and 276, chapter 24 (Cahill's St. ch. 24, ¶¶ 331, 334), in arriving at the intention of the legislature as to how city court judges, in cities under the Commission Form of Gov-

ernment Act, should be elected. It will be noted that the only officers which the latter act requires to be elected by popular vote are the mayor and commissioners, and that they must be first nominated at a primary election; and that section 337, chapter 37 (Cahill's St. ch. 37, ¶ 369), provides that judges of city courts "shall be elected by the qualified voters of such city, in the same manner that the city officers of such city are elected."

The command of said section 337 (Cahill's St. ch. 37, ¶ 369), that the judges be elected in the same manner that the city officers of "such city" are elected, is a mandatory limitation upon the method of electing city court judges, and requires that they be selected in the same way that the other elective city officers of the city are chosen. Restricting, as it does, the mechanics of their election, to the same manner as the election of other elective officers in such city, it excludes any inference or purpose that they should be elected in any different way; hence it follows that judges of the city court of East St. Louis, which is operating under the Commission Form of Government Act, should be elected, whether at regular or special elections, by the same mode as the other elective city officers of such city, to wit, the mayor and commissioners, are chosen, after being first nominated at a primary election.

Appellants contend that the words, "in the same manner that the city officers of such city are elected," refer to the mode of election in force at the time the city court is established. With this we do not agree. It seems clear that the phrase of the statute quoted refers to the manner of election in effect in the city at the particular time the city court judge is to be elected. Moreover, it has been held in *People v. Olson,* 245 Ill. 288, at pages 296 and 297, that a city court is of legislative creation, and being so, it is competent for the general assembly to alter the manner of elec-

tion of the court officers. *People v. Lippincott,* 67 Ill. 333. We are of opinion that the legislature, in providing for the commission form of government, intended that the mode of electing the officers of a city court, in a municipality which should adopt the act, should be the same as for the general officers of such city, who are chosen by popular vote.

It is urged that if such judges are held to be subject to the provisions of the Commission Form of Government Act, it cannot be determined whether they shall be elected by popular vote, or by the city council, as are the city clerk, city treasurer and city attorney. The sufficient answer to this contention is that said section 337 (Cahill's St. ch. 37, ¶ 369) requires that judges "shall be elected by the qualified voters of such city." This clearly excludes any suggestion that they may be elected by the city council.

Appellants further argue that, if such election is subject to the provisions of sections 273–276, chapter 24 (Cahill's St. ch. 24, ¶¶ 331–334), it cannot be known how many candidates should be nominated at the primary election, whose names should go on the official ballot, to be voted for at the election to be thereafter held.

By analogy, and upon reason, it seems clear that the act intends there shall be nominated two candidates for each office to be filled by election. A mayor and four commissioners are elected at the general city election. At the preceding primary election, there are nominated two candidates for mayor and eight candidates for commissioners. At the election, the candidate for mayor, receiving the higher vote, is declared elected, and the four candidates for commissioners, polling the highest votes, become the commissioners.

The judges of the city court being elected "in the same manner" as said city officers, we are of opinion that in the primary election to nominate candidates,

to be voted for at the special election to fill the vacancy caused by the death of Judge Cook, that there should be nominated two candidates, if there be more than one candidate and that the one polling the higher vote at the election to follow should be declared elected.

The determination of the foregoing proposition decides the case, and it is unnecessary to discuss the other grounds for relief set forth in appellee's bill of complaint. It is our conclusion that the court rightly overruled the demurrer.

The decree will be affirmed.

*Decree affirmed.*